☜ AO 472  (Rev. 3/86)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

_____ Jimmy L. Lark _____
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number:  05-118-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ *
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____



FILED

OCT 2 5 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by      clear and convincing evidence  X  a preponderance of the evidence :

1. Contrary to the defense' arguments, the evidence against defendant is significant which includes not only his admission to a couple of the fraudulent transfers, but a detailed description of his involvement in the over-all scheme, photographic evidence from the banks for all but two of the fraudulent transfers which occurred on a regular basis for over an 18+ month period.

2. Although the specific crime involved does not fall within the serious nature as drugs and weapons offenses, the sheer number of fraudulent transfers in which defendant was involved shows a continuing pattern of criminal activity.

3. Defendant recently moved to the Lebanon, PA area to get away from his family in Philadelphia which he described as a bad influence.  He made no mention during his PT interview of employment with his nephew and for the first time at the hearing advised that periodic employment was possible with him.  He claimed that he was unemployed with the prospect of employment in Lebanon, Pa.  However, that potential employer has not responded to inquiries from PTS regarding prospective employment.  He past employment history is at best spotty with defendant quitting or leaving a number of jobs for various excuses, none of were for better pay or improved working conditions.

4. The offense charged involved the acquisition and use of fraudulent identification including driver's licenses and credits cards under various names.

5. Defendant admittedly was convicted of murder 2d in 1970 for which he was sentenced to a minimum of 4 years to a maximum of 20.  Defendant proudly advised PTS of his escape 4 years and 4 months later for which he was at large for over 10 years.  In 1984/1985 his fugitive from Justice warrant was dismissed.  This fact was strongly emphasized by defense counsel.  However, thereafter defendant was placed on parole which lastest

AO 472 (Rev. 3/86) Order of Detention Pending Trial

through 2009 the maximum time. While on parole, defendant violated his condition twice (to which he admitted) for drug usage and was subject to imprisonment (14 months and 17 months respectively). One of the violations ended his residential treatment program. Suggesting that defendant should be given another opportunity to address his drug habit (cocaine of and on usage) while on pretrial release is unwarranted. Defendant spent an average of $200/week for his habit while having no identifiable legitimate income. 6. Defendant has had not contact with two of his three children for over 10 years. The one adult child that he has had more recent contact apparently ended when he moved to Lebanon since the telephone number defense counsel attempted to use to contact that child was not correct. 7. Although defendant has had no reportable arrests for the past 5 + years, there is strong evidence that defendant engaged in repetitive criminal conduct for at least the past two years which involved the use of multiple fraudulent identifications. Therefore, the government has met its burden and the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

October 25, 2005
Date

Signature of Judicial Officer

Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).