IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : : | Criminal Action No. 05-96-GMS |
| JIMMIE LARK | : : | |
| Defendant. | : | |

**MOTION TO SUPPRESS STATEMENTS**

Defendant, Jimmie Lark, by and through undersigned counsel, Penny Marshall, hereby moves this Court pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fifth Amendment of the United States Constitution, for an order suppressing for use by the government any and all statements Mr. Lark made in relationship to his arrest in the above entitled matter.

In support of this motion the defense submits as follows:

1. On October 19, 2005, Mr. Jimmie Lark was arrested by Delaware State Police for allegedly passing counterfeit checks as listed in indictment. He was interrogated at the Delaware State Police Troop by the State Police and a Postal Inspector. Initially, he was questioned without the benefit of his <u>Miranda</u> rights. Mr. Lark was placed in a cold station house room without the benefit of, family or a lawyer. On the tape of this interrogation, Mr. Lark advised the interrogator that he has memory lapses and also has problems with addiction. The tape reveals that eventually he was given his <u>Miranda</u> warnings, however, his questioner controlled his responses, by inviting him to put yes in the waiver portion of the written Miranda form. However, the form itself does not contain

"yes" answers, but rather check marks after each Miranda right. During the questioning, as the interrogator disagreed with Mr. Lark's answers, her voice was raised and "strong" language was used to show her disapproval of his answers.

    3. Miranda v. Arizona, firmly establishes that before the government can use statements obtained from the defendant from custodial interrogation, it must show both that the police adequately warned the defendant of his right to remain silent and his right to have court appointed counsel, and that the defendant knowingly, voluntarily and intelligently waived his rights. The government bears a heavy burden to prove that the defendant made such a waiver. Brewer v. Williams, 430 U. S. 387 (1977). Waiver in this context requires the "intentional relinquishment or abandonment of a known right or privilege." Miranda v. Arizona, supra, quoting Johnson v. Zerbst, 304 U. S. 458, 464 (1938).

    4. Given the atmosphere upon which Mr. Lark was questioned, there was no valid waiver in this case.

    5. In addition, in order for a defendant's statements to be admitted, they must be voluntary. The Supreme Court, relying on the Fifth Amendment, has made it clear that involuntary statements should be suppressed:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded in whole or in part upon an involuntary confession, without regard to the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction.

Jackson v. Denno, 378 U. s. 368, 376 (1964) citations omitted). See also Greenwald v. Wisconsin, 380 U. S. 519 (1968) To make a showing of voluntariness, "it must be shown that in fact the confessor has a free will and intellect whether or not the [police] had any reason to doubt its presence or suspect its absence." Pea v. United States, 397 F.2d 627, 632 (D.C. Cir. 1968). The government

bears the burden of proving by a preponderance of the evidence that a defendant's statement was made voluntarily. Lego v. Twomey, 404 U. S. 477 (1972).

6. Mr. Lark, confronted and coerced by law enforcement, and in addition not being in the best frame of mind, was not in a position to appreciate the significance of the interrogation or to voluntarily to waive his rights. Schneckloth v. Bustamonte, 412 U. S. 218, 225 (1973).

**WHEREFORE,** for the above stated reasons and any other such reasons that shall appear to the Court, after a full hearing of this matter, it is respectfully requested that the statements obtained from Mr. Lark be suppressed.

Respectfully submitted,

_/s/_____
Penny Marshall, Esquire
Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Jimmie Lark

Dated: December 28, 2005

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Defendant's Motion to Suppress Statements is available for public viewing and downloading and was electronically delivered on December 28, 2005, to:

Beth Moskow- Schnoll
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE   19801

_/s/_____
Penny Marshall, Esquire
Federal Public Defender
First Federal Plaza
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Jimmie Lark

Dated:   December 28, 2005