IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 05-96 (GMS) |
| v. | ) ) ) | |
| JIMMY L. LARK, | ) ) | |
| Defendant. | ) ) | |

## ORDER

1. On October 19, 2005, the United States of America ("United States") filed a criminal complaint against Jimmy L. Lark ("Lark"), charging him with using other people's identities while negotiating over $60,000 in counterfeit checks. On October 20, 2005, Lark made his initial appearance before the magistrate judge. At that time, the United States moved to detain Lark pending his trial on the charges. On October 25, 2005, the magistrate judge held a detention hearing and granted the United States' motion, based on the finding that Lark is a flight risk. Also on October 25, 2005, the grand jury for the District of Delaware indicted Lark, charging him with conspiracy to commit bank fraud and bank fraud, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1344, respectively. On December 20, 2005, Lark filed a motion for reconsideration of no-bond status, which is presently before the court.

2. At Lark's detention hearing, the magistrate judge set forth specific reasons for the decision to detain Lark pending trial. Those reasons include: (1) significant evidence of Lark's involvement in the crimes that he is charged with committing; (2) a continuing pattern of

    criminal activity based on the number of fraudulent transfers in which Lark was involved; (3) lack of ties to Delaware and lack of community ties, as Lark had recently moved to Lebanon, Pennsylvania to get away from his family in Philadelphia, Pennsylvania, whom he described as bad influences; (4) a spotty employment history; (5) Lark's fugitive status for over ten years, as he escaped from Graterford Prison after being convicted of second degree murder; (6) Lark's violation of parole conditions for drug use and abuse; and (7) strong evidence that Lark engaged in repetitive criminal conduct for at least the past two years, which involved the use of multiple fraudulent identifications. (D.I. 8.) In his motion, Lark contends that the magistrate judge improperly determined that no combination of conditions could satisfy the Bail Reform Act's presumption of pretrial release (D.I. 13, at 1.) The court disagrees.

3.     As a general rule, motions for reconsideration should be granted only "sparingly." *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991). In this district, these types of motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *See, e.g., Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)); *see also Karr*, 768 F. Supp. at 1090 (citing same). Moreover, even if the court has committed one of these errors, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision. *See Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 455 (D.

Del. 1998). Finally, motions for reconsideration "should not be used to rehash arguments already briefed." *TI Group Automotive Systems, (North America), Inc. v. VDO North America L.L.C.*, No. C.A. 00-432-GMS, 2002 WL 87472 (D. Del. Jan. 22, 2002) (citation omitted); *see also Quaker Alloy Casting v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("This Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").

4. In the present case, Lark does not contend that the magistrate judge made any of the above-cited errors, which may allow the court to grant his motion for reconsideration. Nor can the court conclude that Lark's motion satisfies any of the reconsideration criteria. Additionally, Lark has not presented any new arguments or evidence supporting his position. That is, Lark's motion merely rehashes arguments already made before the magistrate judge. Accordingly, the court will deny his motion.

Therefore, IT IS HEREBY ORDERED that:

1. The defendant's Motion of reconsideration of No-Bond Status (D.I. 13) is DENIED.

Dated: January 3, 2006

UNITED STATES DISTRICT JUDGE