IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff : | |
| : | |
| V. : | Criminal Action No. 05-96-GMS |
| : | |
| JIMMIE LARK, : | |
| : | |
| Defendant. : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Jimmie Lark, by and through his attorney, Penny Marshall, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Jimmie Lark, agrees to plead guilty to Count One of the Indictment charging him with conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1344, all in violation of Title 18, United States Code, Section 371, which, pursuant to Title 18, United States Code, Section 1349, carries a maximum penalty of 30 years imprisonment, a $1,000,000 fine, 5 years supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) that two or more persons agreed to commit the crime of bank fraud in violation of 18 U.S.C. § 1344; (b) that the

defendant knowingly and voluntarily joined the conspiracy; and (c) that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) from in or around July, 2004, through in or around September, 2005, an unindicted co-conspirator supplied the defendant with counterfeit checks; (b) the defendant knowingly and voluntarily agreed with the unindicted co-conspirator to cash the counterfeit checks in return for a portion of the proceeds; (c) so that the defendant could negotiate the checks, the unindicted co-conspirator supplied the defendant with identification, primarily driver's licenses and credit cards, bearing the names of the payees on the counterfeit checks; and (d) from in or around July, 2004, through in or around September, 2005, the defendant cashed or attempted to cash the counterfeit checks at financial institutions primarily located in and around Delaware, New Jersey, and Pennsylvania.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government likely will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through

which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6.  Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, (a) the United States agrees not to contest a reduction under USSG §3E1.1(a) based on the defendant's conduct to date; and (b) if the Court determines that the defendant's offense level is 16 or higher, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7.  At the time of sentencing, the government agrees to move to dismiss Count Two of the Indictment that was returned against the defendant on October 25, 2005.

8.  The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9.  The defendant agrees to cooperate fully and truthfully with the Government as follows:

   a.  Defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury. The defendant understands that if his prior statements to the

Government are untruthful in any material way this agreement is violated and becomes void.

    b.    Defendant agrees to provide all information concerning his knowledge of and and and participation in, the subject matter of the Indictment of which he has knowledge.

    c.    Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

    d.    Defendant agrees to testify as a witness before any Grand Jury, hearing, or trial when called upon to do so by the Government.

    e.    Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

    f.    Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

    g.    Defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

    h.    To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

    i.    Defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds to void this agreement.

    j.    Defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, other than violations or traffic offenses, between the date of this agreement and his sentencing, or

has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.

      10.    If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

      a.    Make the nature and extent of the defendant's cooperation known to the Court.

      b.    Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, 28 U.S.C. §994(n), and 18 U.S.C. §3553(e), only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that his debriefing and cooperation have not yet been completed and that a debriefing does not amount to substantial assistance.

      c.    Make whatever sentencing recommendation the Government deems appropriate.

      11.    The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

      12.    It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                                  COLM F. CONNOLLY
                                                  United States Attorney

_____      BY:_____
Jimmie Lark                                                    Beth Moskow-Schnoll
Defendant                                                       Assistant United States Attorney

_____
Penny Marshall
Attorney for Defendant

Dated: March 2, 2006

       **AND NOW,** this ___ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                              _____
                                              HONORABLE GREGORY M. SLEET
                                              United States District Court Judge